1  LAW OFFICES OF DONALD R. HALL
   DONALD R. HALL, ESQ.
2  hallandbailey@yahoo.com
   Attorney Bar No. 092685
3  12340 Seal Beach Blvd., Ste. B164
   Seal Beach, CA  90740
4  (949) 553-8663 Phone

5  Attorneys for Plaintiff, LINDSAY LITTON

6

7

8                IN THE UNITED STATES DISTRCT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | LINDSAY LITTON, | Case No. _____ |
|---|---|---|
| 12 | Plaintiff, | **JUDGE:** _____ |
| 13 | v. | **DEPT:** _____ |
| 14 | ABC LEGAL SERVICES, INC., a Washington corporation; CHRIS RISLEY, an individual; CIR LAW OFFICES, LLP, also dba CREDITOR IUSTES ET REMEDIUM, LLP, TARA MURREN, ESQ., an individual; MARK BURNETT, ESQ., an individual; DEANNA FRASER, ESQ, an individual; LEAH REEVES, ESQ., an individual; DISCOVER BANK, a Delaware state bank; and DOES 1-10, inclusive, | **COMPLAINT** |
| 15 | | **DEMAND FOR JURY TRIAL** |
| 16 | | **(Unlawful Debt Collection Practices)** |
| 17 | | **Violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)** |
| 18 | | **Violation of the Rosenthal Fair Debt Collection Practices Act (California Civil Code § 1788 et seq.)** |
| 19 | | |
| 20 | Defendants. | **Complaint Filed**: _____ **Trial Date**:       None set. |

21

22
           Plaintiff, Lindsay Litton ("Plaintiff"), alleges:
23
                              **INTRODUCTION**
24
           1.     This action arises out of a default judgment against plaintiff in a debt collection
25
   action filed against plaintiff in Orange County Superior Court which was based upon a false proof
26
   of service of summons filed with the state court stating that plaintiff was personally served with a
27

28

---
COMPLAINT; DEMAND FOR JURY TRIAL

summons and complaint at 9:06 a.m. on May 19, 2014 in the city of Costa Mesa, California when, at that time, plaintiff was working at her place of employment in Irvine, California.

2. This action is brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* ("RFDCPA").

**JURISDICTION**

3. Jurisdiction is conferred upon this Court pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine plaintiff's state law claims because those claims are related to plaintiff's federal claims and arise out of a common nucleus of related facts and form part of the same case or controversy under Article III of the United States Constitution.

**VENUE**

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, the defendants transact business in this judicial district, the violations of the FDCPA and RFDCPA occurred in this judicial district and plaintiff resides in this judicial district.

**PARTIES**

5. Plaintiff is a natural person residing in Orange County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

6. Defendant ABC LEGAL SERVICES, INC. ("ABC") is a Washington corporation engaged in the business of collecting debts in California with its principal place of business located at 633 Yesler Way, Seattle, Washington, 98104. ABC is subject to the provisions of Cal. Bus. & Prof. Code §§ 22350-22360. ABC is regularly engaged in the business of debt collection, including service of process for debt collectors utilizing the U.S. Mail, telephone and Internet. ABC is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

7. Defendant, Chris Risley ("Risley") is a natural person and is or was an employee and/or authorized agent of ABC at all relevant times. Risley is subject to the provisions of Cal. Bus. & Prof. Code §§ 22350-22360. Risley is regularly engaged in the business of debt collection including indirectly collecting defaulted consumer debts and service of process for debt collectors utilizing the U.S. Mail, telephone and Internet. Risley is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

8. Defendant, CIR Law Offices, LLP also doing business as CREDITOR IUSTES ET REMEDIUM, LLP ("CIR Law Office") is a law firm doing business in California with its central place of business located in San Diego, California. CIR Law Office is regularly engaged in the collection of debts and is a debt collector within the meaning of California Civ. Code § 1788.2(c) and 15 U.S.C. § 1692(a)(6).

9. Defendants, Tara Murren, Esq. ("Murren"), Mark Burnett ("Burnett"), Deanna Fraser ("Fraser") and Leah Reeves ("Reeves") are lawyers who at all relevant times worked for CIR Law Office and who regularly, through litigation, attempted to collect consumer debts and as such are debt collectors within the meaning of 15 U.S.C. § 1692a(6).

10. Defendant, Discover Bank is a Delaware state bank which, in the ordinary course of business, regularly, on behalf of itself, engages in debt collection in the state of California and is a debt collector within the meaning of California Civ. Code § 1788.2(c).

11. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 10, inclusive, and each of them, are unknown to plaintiff at this time, and plaintiff therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that all Doe defendants are responsible in some manner or capacity for the acts and occurrences alleged in this Complaint. Plaintiff will seek leave to replace the fictitious names of the Doe defendants with their true names and capacities when they are discovered by plaintiff.

///

///

COMPLAINT; DEMAND FOR JURY TRIAL

## ALLEGATIONS BASED UPON THE UNDERLYING STATE COURT DEBT COLLECTION ACTION

12. On March 27, 2014, CIR Law Office filed a complaint on behalf of Discover Bank against plaintiff in the Superior Court of California, County of Orange, Case No. 30-2014-00713024-CL-CL-CJC.

13. The CIR Law Office attorneys who filed the complaint were Murren, Fraser and Burnett. The summons and complaint were forwarded by CIR Law Office to ABC for service of process upon plaintiff.

14. On April 29, 2014, CIR Law Office filed with the state court a Declaration of Non-Service bearing a purported signature of Chris Risley stating, under oath, *inter alia*, that on April 14, 2014 at approximately 11:45 a.m. Risley attempted but was unable to effect service of process upon plaintiff at the address of 99 Talisman, Apt. 826, Irvine, California.

15. At the time of the purported attempted service by Risley on April 14, 2014, plaintiff had resided at the Talisman address for approximately seven consecutive years.

16. Approximately 30 days later on May 23, 2014, CIR Law Office filed with the state court a Proof of Service of Summons bearing the purported signature of Risley stating under penalty of perjury that plaintiff was personally served with the summons and complaint on May 19, 2014 at 9:06 a.m. at 874 Darrel Street, Costa Mesa, California.

17. Plaintiff was not personally served with the summons and complaint on May 19, 2014 at 9:06 a.m. in Costa Mesa, California because at that time, plaintiff was working at her place of employment in Irvine, California as evidenced by (1) plaintiff's employment timecard showing that plaintiff started work at 8:30 a.m. that day, (2) plaintiff's payroll records showing plaintiff's receipt of wages for that day from 8:30 a.m. to 5:00 p.m., and (3) plaintiff's work-related outgoing emails showing that plaintiff could not have been served in Costa Mesa, California at 9:06 a.m. when she was working in Irvine, California.

18. Approximately two months later on July 7, 2014, CIR Law Office filed a Request for Entry of Default on behalf of Discover Bank. According to paragraph 6b of the Request for

Entry of Default, the Request for Entry of Default was mailed to plaintiff's last known address which was listed as 874 Darrel Street, Costa Mesa, California which, at that time, was not the plaintiff's last known address as evidenced by the Declaration of Non-Service filed by CIR Law Office evidencing the initial attempted service at plaintiff's Talisman address.

19. On August 14, 2014, CIR Law Office filed a Declaration of Lost Original Document and Request for Clerk's Judgment.

20. On August 24, 2014, a Default Judgment was entered in favor of Discover Bank against plaintiff in the amount of $5,834.75.

21. On September 11, 2014, an Abstract of Judgment was issued at the request of CIR Law Office which was presumably recorded in Orange County, California.

22. On or about December 5, 2014, at the request of CIR Law Office, a Notice of Levy was served on Schools First Federal Credit Union levying upon all accounts in the name of plaintiff.

23. On or about December 29, 2014, plaintiff filed in pro per a Claim of Exemption stating, in part: "I was never served or notified of this," and "The bank seized my son's college account and charged me $200. I have never been notified of case," and "I have lived in the same place for seven years and was not notified."

24. On December 23, 2014, CIR Law Office (Fraser) filed a Notice of Opposition to plaintiff's Claim of Exemption. Plaintiff's statement that plaintiff did not live in Costa Mesa and was not served at the Costa Mesa address was not addressed in the Opposition to plaintiff's Claim of Exemption.

25. On January 29, 2015, the state court granted plaintiff's Claim of Exemption and directed the release of any funds that had been levied.

26. On June 18, 2015, CIR Law Office (Murren and Burnett) requested and were issued a Writ of Execution and using the Writ of Execution CIR Law Office caused to be served a Wage Earnings Withholding Order (garnishment) on plaintiff's employer.

///

///

27. Plaintiff received notice of the wage garnishment on or about June 26, 2015 and on or about July 2, 2015, plaintiff filed a Motion to Vacate Judgment explaining that plaintiff was not served with the summons and complaint in the state court action.

28. On July 10, 2015, plaintiff filed in pro per a Claim of Exemption to the garnishment stating that plaintiff needed all of the money she earned in wages but plaintiff was willing to allow $25 a month to be withheld each pay period.

29. CIR Law Office rejected plaintiff's offer to withhold $25 per pay period and Murren filed opposition to plaintiff's wage garnishment Claim of Exemption.

30. On August 6, 2015, plaintiff's Claim of Exemption was denied by the state court and the levying officer was directed to release any earnings previously withheld to Discover Bank.

31. As an in pro per defendant, plaintiff had some trouble calendaring her Motion to Vacate Judgment but the Motion to Vacate Judgment was eventually scheduled for hearing on October 15, 2015.

32. On October 6, 2015, CIR Law Office (Burnett and Reeves) filed opposition to plaintiff's Motion to Vacate Default Judgment and the opposition never addressed plaintiff's claim that she was never served with the summons and complaint and that plaintiff had resided at the Talisman address in Irvine continuously for the last seven years.  The opposition was based upon the fraudulent Proof of Service and the subsequent Request for Entry of Default which was not mailed to plaintiff's last known address but rather, to the Costa Mesa address.

33. On October 15, 2015, the state court granted plaintiff's motion to vacate the default judgment and recalled the Writ of Execution and garnishment of plaintiff's wages.

**ALLEGATIONS PERTAINING TO PREVIOUS LITIGATION AGAINST OR INVOLVING DEFENDANT ABC AND CIR LAW OFFICE PERTAINING TO SEWER SERVICE**

34. Since July of 2011, at least 19 complaints have been filed against ABC in the United States District Court for the Northern District for violations of the FDCPA and other statutes based

COMPLAINT; DEMAND FOR JURY TRIAL

upon allegations of sewer service by ABC in state court collection actions. The plaintiffs, case number and filing dates of the complaints are as follows:

| | | |
|---|---|---|
| *Borchardt* | 5:2015-cv-02165 | 5/13/15 |
| *Younger* | 3:2012-cv-01904 | 4/17/12 |
| *Kamin* | 3:2012-cv-01693 | 4/4/12 |
| *Picard* | 5:2014-cv-04618 | 10/15/14 |
| *Baretto* | 3:2011- cv-05152 | 1/10/13 |
| *Brown* | 3:2012-cv-01911 | 4/17/12 |
| *Chalak* | 3:2015-cv-03040 | 6/30/15 |
| *Jones* | 3:2011-cv-03824 | 8/30/11 |
| *Wyckoff* | 3:2012-cv-00644 | 2/9/12 |
| *Rosales* | 3:2011-cv-03805 | 8/2/11 |
| *Walker* | 3:2012-cv-00678 | 2/10/12 |
| *Clohan* | 3:2012-cv-01696 | 4/4/12 |
| *Paule* | 3:2012-cv-00642 | 2/9/12 |
| *Ansari* | 3:2011-cv-03642 | 7/19/11 |
| *Rubio* | 4:2014-cv-05395 | 12/19/14 |
| *Dohm* | 3:2012-cv-01914 | 4/17/12 |
| *Sparachino* | 3:2012-cv-00624 | 2/8/12 |
| *Blackburn* | 3:2011-cv-01298 | 3/17/11 |
| *Freeman* | 3:2011-cv-03007 | 7/28/11 |

35. All of the complaints filed in the Northern District allege the same general practice of sewer service followed by default judgments.

36. One of the cases (*Freeman*) involved the CIR Law Office which obtained a default judgment based upon sewer service by ABC (*Freeman*, Docket No. 14, ¶ 61).

- 7 -

COMPLAINT; DEMAND FOR JURY TRIAL

37.     The CIR Law Office was not a named defendant in the *Freeman* action but the *Freeman* complaint, like plaintiff's complaint, alleges the same conduct by CIR Law Office in obtaining a default judgment based on sewer service and thereafter refusing to set aside the default judgment.

38.     The *Freeman* action resulted in two published opinions by District Judge Edward M. Chen including *Freeman v. ABC Legal Services, Inc.*, 827 F.Supp.2d 1065 (N.D. Cal. 2011).

## FIRST CLAIM FOR RELIEF

### (Violation of the Fair Debt Collection Practices Act)

### (Against Defendants Discover Bank, CIR Law Offices, ABC, Risley, and Attorneys Burnett, Reeves, Murren and Fraser)

39.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 38 of this complaint as though set forth in full.

40.     The debt sued upon by Discover Bank in the state court action arises out of a transaction entered into for personal purposes and is a consumer debt.

41.     Discover Bank is a named defendant in this claim and is liable for the conduct alleged pursuant to principles of indirect liability such as vicarious liability, agency or ratification even though Discover Bank is not directly liable to plaintiff under the provisions of the FDCPA.

42.     CIR Law Offices is a named defendant in this claim pursuant to 15 U.S.C. § 1692a(6) in that CIR's principle purpose is the collection of debts on behalf of itself or others, or CIR regularly collects debts on behalf of others, irrespective of its principal purpose.

43.     CIR Law Offices maintains a website (www.cirlaw.com) which states, *inter alia*, that "CIR stands for the Latin 'creditor iustus et remedium' which translates to 'creditor rights and remedies . . .'" CIR's website lists "representation services" as including "FDCPA defense, CIR attorneys are in full compliance with the FDCPA and all laws pertaining to the industry."

44.     The conduct of CIR Law Offices as alleged herein violated § 1692d, 1692e, 1692e(10) and 1692f of the FDCPA based upon, without limitation, filing a false proof of service with the state court, obtaining a judgment based on a false proof of service, executing on the

judgment after being informed that plaintiff was never served with the summons and complaint, refusing to vacate the judgment after being informed that plaintiff was never served with the summons and complaint, all at a time when CIR Law Offices knew or should have known that ABC had a significant history of multiple sewer services, including several published cases detailing ABC's fraudulent practices. (*Freeman v. ABC Legal Services, Inc.*, 877 F.Supp.2d 919 (N.D. Cal. 2012); *Freeman v. ABC Legal Services, Inc.*, 827 F.Supp.2d 1065, (N.D. Cal. 2011).)

45. Attorneys Murren, Burnett, Fraser and Reeves participated in, aided, or abetted the conduct of CIR Law Offices as alleged herein in the following respects:

    a. Fraser opposed plaintiff's first claim of exemption after CIR Law Offices was informed that plaintiff had not been served with the summons and complaint;

    b. Murren and Burnett obtained a Writ of Execution which CIR Law Offices thereafter used in levying upon plaintiff's accounts after CIR was informed that plaintiff was never served with the summons and complaint;

    c. Murren opposed plaintiff's second claim of exemption after CIR Law Offices was informed that plaintiff was never served with the summons and complaint; and

    d. Reeves and Burnett opposed plaintiff's Motion to Vacate Default Judgment after CIR Law Offices was informed that plaintiff had never been served with the summons and complaint.

At the time Attorneys Murren, Burnett, Fraser and Reeves participated in, aided or abetted the conduct of CIR Law Offices as alleged herein, defendants knew or should have known that ABC had a significant history of multiple sewer services including several published cases detailing ABC's fraudulent practices pertaining to service of process.

46. ABC is a named defendant in this claim and is liable for the conduct alleged herein pursuant to the principles of indirect liability such as vicarious liability, agency, or ratification or, alternatively, direct liability pursuant to 15 U.S.C. § 1692a(6) or 1692a(6)(D). ABC maintains a website which states, *inter alia*:

"Who we are.

We are process servers with smarter solutions for law firms and their clients.

We file and serve legal process extremely fast and almost paperless.

We serve process in 10 states."

47. To effect service of process, ABC uses registered process servers in the State of California who, like defendant Risley, serve process under the control of ABC and according to the manner or means of serving process established by ABC, including, without limitation, the following: ABC chooses their assignments, restricts the substitution or assignment of the chosen assignments, requires process servers to use a GPS tracking device, requires process servers to use ABC's computer systems and software, and requires process servers to submit to real time audits and tracking by ABC.

48. Risley is a named defendant in this claim and is liable for the conduct alleged herein pursuant to §§ 1692a(6) or 1692(a)(6)(D) of the Fair Debt Collection Practices Act.

49. As a result of defendants' actions as alleged herein, plaintiff sustained actual damages, including, without limitation, the following:

Plaintiff is a working mother whose employment is hourly and plaintiff lost wages as a result of the illegal default and default judgment obtained by defendants, including lost wages and ancillary damages to: (a) contest defendants' levy on plaintiff's bank account and a bank account plaintiff established to save for her son's college education; (b) contest defendants' garnishment on plaintiff's wages; and (c) contest and vacate the illegal default and default judgment entered against plaintiff.

50. Plaintiff is also informed and believes and thereon alleges that the default judgment will damage plaintiff's credit and result in financial loss to plaintiff including, without limitation, answering yes to future questions from an employer or creditor and damage to plaintiff's credit rating.

/ / /

/ / /

/ / /

COMPLAINT; DEMAND FOR JURY TRIAL

## SECOND CLAIM FOR RELIEF

**(Violation of the Rosenthal Fair Debt Collection Practices Act)**

**(Against Defendants Discover Bank, CIR Law Offices, ABC and Risley)**

51. Plaintiff realleges and incorporates by reference Paragraphs 1 through 38 of this complaint as though set forth in full.

52. The debt sued upon by Discover Bank in the state court action arises out of a transaction entered into for personal purposes and is a consumer debt.

53. Discover Bank is a named defendant in this claim and is liable for the conduct alleged pursuant to the principles of indirect liability such as vicarious liability, agency or ratification and direct liability under California Civil Code § 1788.2(c) because Discover Bank in the ordinary course of business regularly on behalf of itself or others engages in debt collection.

54. CIR Law Offices is a named defendant in this claim pursuant to California Code of Civil Procedure § 1788.2(c) in that CIR Law Offices in the ordinary course of business regularly on behalf of itself or others engages in debt collection.

55. CIR Law Offices maintains a website (www.cirlaw.com) which states, *inter alia*, that "CIR stands for the Latin 'creditor iustus et remedium' which translates to 'creditor rights and remedies . . .'" CIR's website lists "representation services" as including "FDCPA defense, CIR attorneys are in full compliance with the FDCPA and all laws pertaining to the industry."

56. The conduct of CIR Law Offices as alleged herein violated § 1692d, 1692e, 1692e(10) and 1692f of the FDCPA which are incorporated in by § 1788.17 of the RFDCPA, based upon, without limitation, filing a false proof of service with the state court, obtaining a judgment based on a false proof of service, executing on the judgment after being informed that plaintiff was never served with the summons and complaint, refusing to vacate the judgment after being informed that plaintiff was never served with the summons and complaint, all at a time when CIR Law Offices knew or should have known that ABC had a significant history of multiple sewer services, including several published cases detailing ABC's fraudulent practices. (*Freeman v. ABC*

*Legal Services, Inc.*, 877 F.Supp.2d 919 (N.D. Cal. 2012); *Freeman v. ABC Legal Services, Inc.*, 827 F.Supp.2d 1065, (N.D. Cal. 2011).)

57. The conduct of CIR Law Offices as alleged herein violated § 1788.15(a) in that CIR Law Offices knew that process had not been legally effected but nevertheless continued to prosecute the state court action against plaintiff.

58. ABC is a named defendant in this claim and is liable for the conduct alleged herein pursuant to principles of direct liability such as vicarious liability, agency, or ratification or, alternatively, pursuant to California Civil Code § 1788.2(c).

59. To effect service of process, ABC uses registered process servers in the State of California who, like defendant Risley, serve process under the control of ABC and according to the manner or means of serving process established by ABC, including, without limitation, the following: ABC chooses their assignments, restricts the substitution or assignment of the chosen assignments, requires process servers to use a GPS tracking device, requires process servers to use ABC's computer systems and software, and requires process servers to submit to real time audits and tracking by ABC.

60. Risley is a named defendant in this claim and is liable for the conduct alleged herein pursuant to §§ 1692a(6) or 1692(a)(6)(D) of the Fair Debt Collection Practices Act or California Civil Code § 1788.2(c).

61. Plaintiff is also informed and believes and thereon alleges that the default judgment will damage plaintiff's credit and result in financial loss to plaintiff including, without limitation, answering yes to future questions from an employer or creditor and damage to plaintiff's credit rating.

## PRAYER FOR RELIEF

As to plaintiff's First Claim for Relief:

1. Actual damages;
2. Statutory damages;
3. Costs of suit;

4. Reasonable attorneys' fees; and

5. Such other and further relief as the court deems just and proper.

As to plaintiff's Second Claim for Relief:

1. Actual damages;

2. Statutory damages;

3. Costs of suit;

4. Reasonable attorneys' fees; and

5. Such other and further relief as the court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all triable issues of fact in this action.

Dated: December 7, 2015

LAW OFFICES OF DONALD R. HALL

By: *[signature]*
Donald R. Hall, Esq.
Attorneys for Plaintiff, LINDSAY LITTON